**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |  |
|---|---|---|
| UBIQUITY, INC., | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 1:22-CV-00353 |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN KREBS and KREBS ON SECURITY, LLC, | ) | |
| | ) | |
| *Defendants*. | | |

**DECLARATION IN SUPPORT OF APPLICATION OF MARC JOHN RANDAZZA TO QUALIFY AS A FOREIGN ATTORNEY UNDER LOCAL CIVIL RULE 83.1(D)**

I, Marc John Randazza, supplement my application to qualify as a foreign attorney as follows:

1.     I am an attorney with the law firm of Randazza Legal Group, counsel for Brian Krebs and Krebs on Security, LLC, in the above-captioned action. I submit this Supplement in support of the Application pursuant to Local Civil Rule 83.1(D) for my *pro hac vice* admission to the bar of this Court.

2.  My full name is Marc John Randazza.

3.  My office address and telephone number are as follows:

>    Randazza Legal Group, PLLC
>    30 Western Avenue
>    Gloucester, MA 01930
>    Telephone: 702-420-2001

4.     I am admitted to the state and federal bars as set forth in **Exhibit 1** and I am qualified and licensed to practice before the same.

5.     I fully meet the requirements of Local Civil Rule 83.1(D) in that the rules of the United States District Court for the District of Nevada, the district in which I maintain an

office, extends a similar privilege of practicing *pro hac vice* to members of the bar of this Court; and I will be accompanied by a member of the bar of this Court in all appearances before this Court.

6.      The Court's form, however, adds the requirement that I state that "I have not been reprimanded in any court nor has there been any action in any court pertaining to my conduct or fitness as a member of the bar."   I have modified that form to ensure there is no misrepresentation.

7.      Specifically, I was disciplined by one jurisdiction (Nevada) and then subject to reciprocal discipline for conduct of more than nine years ago.  The last jurisdiction to enter reciprocal discipline was Florida, which instead of merely adopting the underlying Nevada stipulated discipline, engaged in its own full fact finding and issued a full independent opinion after a bench trial.  The Florida Referee's decision is attached as **Exhibit 2**.  The factfinder determined that I did not do anything "actually adverse" to my clients.  *See id.* at 6.  And there were no "factors in aggravation warranting any discipline in excess of that imposed by Nevada." *Id.* at 8.

8.      In 2018, I was disciplined by the Supreme Court of Nevada for conduct that occurred in 2012.  *See* **Exhibit 3**, *In re Marc J. Randazza*, Bar No. 12265, No. 76543 (Nev. Oct. 10, 2018) (Order Approving Conditional Guilty Plea) and **Exhibit 4** (Conditional Guilty Plea).  The stipulated and implemented discipline was a twelve-month suspension, stayed for eighteen months, with certain other conditions.  *See* **Exhibits 3 & 4**.  All rehabilitative conditions have been met.

9.     The Nevada discipline arose from a negotiated agreement between myself and the Southern Nevada Disciplinary Board.  The stipulated facts forming the basis of the discipline are as set forth in the enclosed Conditional Guilty Plea.

10.     As set forth in the Conditional Guilty Plea, the discipline arose from a specific circumstance where I represented a company as in-house counsel, along with its sister entity. Those circumstances will not repeat themselves as I am not in-house counsel for any clients and I now recognizes where I misunderstood my ethical obligations.

11.     I fully complied with the State of Nevada discipline and completed my Nevada probation.  *See* **Exhibit 5**, Letter from State Bar of Nevada.

12.     Reciprocal discipline in the nature of a probation or stayed suspension was imposed by the State of Arizona, the State of Florida, the Commonwealth of Massachusetts, and the State of California.  *See* **Exhibits 6, 2, 7 and 8**.  I fully completed the terms of discipline in Arizona, California, and Massachusetts and no suspensions were imposed.  *See* **Exhibits 9 & 10**.  Among its requirements, California required me to retake the MPRE, wherein I scored a 119.  *See* **Exhibit 11**.   The required score was 86.

13.     Reciprocal discipline of probation or a stayed suspension was imposed by the U.S. District Courts for the District of Massachusetts and for the Southern District of Florida (which probation expired before the discipline issued), and by the U.S. Patent & Trademark Office. *See* **Exhibits 12, 13, and 14**.  The District of Massachusetts terminated proceedings on June 23, 2020, without imposing a suspension.  *See* **Exhibit 15**.  The discipline imposed by the PTO expired on January 23, 2021.

14.     Reciprocal discipline in the nature of a brief active suspension was imposed by the U.S. District Court for the District of Nevada, which expired on April 10, 2020.  *See* **Exhibit 16**.  I was reinstated on June 9, 2020.  *See* **Exhibit 17**.

15.     The U.S. Court of Appeals for the Federal Circuit stayed all proceedings pending the completion of the Nevada discipline and terminated proceedings on May 28, 2020 without imposing discipline.  *See* **Exhibit 18**.

16.     Every other state court, Federal court, or Federal agency to issue a determination in response to the Nevada state discipline has either declined to take action, stayed all proceedings, or issued a stayed suspension or probation, or has readmitted me.

17.     I am aware of no other matters in which I have been sanctioned or disciplined.

I declare under penalty of perjury that the foregoing is true and correct.


Executed at **Gloucester, Massachusetts** on this 9th day of May, 2022.

Marc J. Randazza
Randazza Legal Group, PLLC
30 Western Avenue
Gloucester, MA 01930
Telephone: 702-420-2001
ecf@randazza.com

- 4 -

# **Exhibit 1**

Marc J. Randazza Admissions

# Marc J. Randazza, Esq.

State Bar Admissions

| State | Date of Admission | Bar No. | Good Standing |
|---|---|---|---|
| Commonwealth of Massachusetts | 01/24/2002 | 651477 | Yes |
| State of Florida | 03/25/2003 | 625566 | Yes |
| State of California | 05/20/2010 | 269535 | Yes |
| State of Arizona | 08/26/2010 | 027861 | Yes |
| State of Nevada | 01/06/2012 | 12265 | Yes |

Federal Court Admissions

| Title of Court | Date of Admission | Good Standing |
|---|---|---|
| Supreme Court of the United States | 02/28/2005 | Yes |
| U.S. Court of Appeals for the First Circuit | 05/08/2003 | Yes |
| U.S. Court of Appeals for the Second Circuit | 08/14/2018 | Yes |
| U.S. Court of Appeals for the Fourth Circuit | 11/06/2015 | Yes |
| U.S. Court of Appeals for the Fifth Circuit | 06/23/2021 | Yes |
| U.S. Court of Appeals for the Sixth Circuit | 07/30/2013 | Yes |
| U.S. Court of Appeals for the Seventh Circuit | 11/06/2009 | Yes |
| U.S. Court of Appeals for the Ninth Circuit | 09/04/2009 | Yes |
| U.S. Court of Appeals for the Tenth Circuit | 11/03/2011 | Yes |
| U.S. Court of Appeals for the Eleventh Circuit | 06/20/2003 | Yes |
| U.S. Court of Appeals for the Federal Circuit | 09/01/2006 | Yes |
| U.S. District Court for the District of Massachusetts | 06/12/2002 | Yes |
| U.S. District Court for the Northern District of Florida | 05/17/2005 | Yes |
| U.S. District Court for the Middle District of Florida | 06/09/2003 | Yes |
| U.S. District Court for the Southern District of Florida | 08/04/2006 | Yes |
| U.S. District Court for the Northern District of Texas | 11/12/2009 | Yes |
| U.S. District Court for the Western District of Texas | 06/30/2021 | Yes |
| U.S. District Court for the Eastern District of California | 06/08/2010 | Yes |
| U.S. District Court for the Southern District of California | 06/08/2010 | Yes |
| U.S. District Court for the Central District of California | 06/08/2010 | Yes |
| U.S. District Court for the Northern District of California | 06/22/2010 | Yes |
| U.S. District Court for the District of Arizona | 10/19/2010 | Yes |
| U.S. District Court for the District of Colorado | 03/28/2011 | Yes |
| U.S. District Court for the District of Nevada | 02/01/2012 | Yes |
| U.S. District Court for the Eastern District of Wisconsin | 06/18/2010 | Yes |
| U.S. District Court for the Northern District of Ohio | 02/13/2012 | Yes |
| U.S. District Court for the Eastern District of Michigan | 06/30/2009 | Yes |
| U.S. District Court for the District of Columbia | 09/13/2021 | Yes |
| U.S. Bankruptcy Court Eastern District California | 07/01/2021 | Yes |

# **Exhibit 2**

The Florida Bar Referee's Report and Supreme Court Order

IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

THE FLORIDA BAR,

    Complainant,

v.

MARC JOHN RANDAZZA,

    Respondent.

_____/

Supreme Court Case
No. SC19-188

The Florida Bar File
No. 2020-00,216(2B) NFC

## **REPORT OF REFEREE**

## I. SUMMARY OF PROCEEDINGS

Pursuant to the undersigned being duly appointed as referee to conduct disciplinary proceedings herein according to Rule 3-7.6, Rules of Discipline, the following proceedings occurred:

This is a reciprocal discipline case. The Respondent filed The Notice of Discipline by a Foreign Jurisdiction (Nevada) in the Florida Supreme Court and had as attachments the Nevada Order Approving a Conditional Guilty Plea and the underlying Conditional Guilty Plea. Respondent's Exhibit 3; Tr. Vol. II, page 235, lines 8-10. On January 6, 2019, The Florida Bar filed its Formal Complaint against Respondent. On February 19, 2019, The Florida Bar noticed respondent that a case Management Conference would be conducted by the referee on March 8, 2019. On May 3, 2019, the referee commenced the Final Hearing in this matter.

Mr. Fisher, counsel for The Florida Bar, Mr. Weiss, counsel for the Respondent and the Respondent, Mr. Randazza, were present.   Needing additional time to conclude the Final Hearing, the parties rescheduled the second day.  Due to events beyond everyone's control, the Final Hearing was rescheduled again.  The second day of the Final Hearing convened on January 8, 2020.  All items properly filed including pleadings and exhibits in evidence and the report of referee constitute the record in this case and are forwarded to the Supreme Court of Florida.

II. <u>FINDINGS OF FACT</u>

<u>Jurisdictional Statement.</u>  Respondent is, and at all times mentioned during this investigation was a member of The Florida Bar subject to the jurisdiction and Disciplinary Rules of the Supreme Court of Florida.

<u>Narrative Summary Of Case.</u>

Because this is a reciprocal discipline action, it is based on the Findings of Fact, Conclusions of Law and Recommendation of the Southern Nevada Disciplinary Board of the State Bar of Nevada dated July 10, 2018 and Order Approving Conditional Guilty Plea Agreement of the Supreme Court of the State of Nevada, dated October 10, 2018.  The Supreme Court of the State of Nevada imposed a 12 month suspension, stayed for 18 months of probation subject to conditions.  Those findings of fact and Order are attached to The Florida Bar's Formal Complaint.

2

In or about June 2009, the Respondent drafted and signed a Legal Services Agreement with Excelsior Media Corp. (Excelsior) which provided that the Respondent would become "in-house" general counsel.  The Agreement did not prohibit the Respondent from maintaining ad private practice or providing legal services to other clients so long as there was no conflict of interest with Excelsior. Excelsior had a subsidiary or affiliate company, Liberty Media Holdings, LLC (Liberty), which engaged in the production and distribution of pornography.  The Respondent provided legal services to both entities, but did not have a separate agreement with Liberty.

In February 2011, Excelsior relocated its corporate offices to Las Vegas, Nevada.  The Respondent followed in June 2011 and was admitted to the Nevada Bar in January 2012.  Until his admission, the Respondent did not engage in the practice of law in the State of Nevada, except as a member of the bar of the U.S. District Court for the District of Nevada.

On or about June 20, 2012, the Respondent filed a lawsuit against FF Magnat Limited d/b/a Oron.com (Oron) for alleged violations of Liberty's intellectual property. On or about June 21, 2012, the Respondent obtained and injunction against Oron freezing certain accounts and funds of Oron.  On July 1, 2012, the Respondent and attorneys for Oron signed a Settlement Letter with regard to the Oron litigation and a similar case between the two parties in Hong

3

Kong. The parties agreed that Oron would pay Liberty $550,000 payable to the Respondent's trust account. A dispute arose after the Settlement Letter was signed. Liberty filed a Motion to Enforce the settlement letter which the United States District Court granted on August 7, 2012. Liberty obtained a Judgment against Oron for $550,000. As part of the Post-Judgment settlement negotiations, Oron informed the Respondent that it wanted to enter into an agreement to retainthe Respondent for bona fide legal services. Specifically, Oron wanted the Respondent to advise it how to avoid this type of litigation in the future and how to restructure the company so as to not be subject to jurisdiction in the United States. Tr. II, page 215, lines 2-25, 216, lines 1-14. Subject to the agreement of Liberty and its execution of a Post-Judgment agreement, the Respondent negotiated a separate agreement with Oron whereby he would receive $75,000 of Oron's frozen funds. On August 6, 2012, while still in litigation representing Excelsior against Oron, the Respondent executed a $75,000 non-refundable, "earned upon receipt retainer" to represent FF Magnat, the parent company of Oron. Tr. II, page 254, lines 17-28 and page 258, lines 8-14, The retainer agreement clearly stated that it could not take effect unless and until Liberty's dispute with Oron was fully resolved. See Transcript, Vol. Il, at 215:20-216:1 & 239:25-240:7. The Respondent presented and subsequently discussed the Post-Judgment Agreement, which included payment of the $550,000 and the $75,000 retainer for future

services with Oron, with the CEO of Liberty, Mr. Gibson.  The  agreement was never consummated because Mr. Gibson disapproved it. Tr. II, page 214-216, line 14; 217, lines 3-7.  The Respondent did not receive the retainer fee of $75,000.

On August 21, 2012, the Court ordered Pay Pal, Inc. to transfer $550,000 of Oron funds to the Randazza Legal Group trust account.  A full and proper accounting occurred with Liberty receiving its share.

Concurrent with the United States litigation between Liberty and Oron, the Respondent and Mr. Gibson also discussed pursuing litigation against Oron and/or its affiliates in Hong Kong.  The Respondent estimated those costs, excluding attorney's fees, to be approximately $50,000.  Mr. Gibson said Liberty to advance $25,000 if the Respondent would personally advance $25,000.  The Respondent agreed and requested and Liberty executed a promissory note to him for $25,000. The Respondent did not advise Liberty, in writing, to seek the advice of independent counsel regarding the promissory note.  The Respondent and Excelsior parted ways on or about August 29, 2012. They dispute whether he resigned or was terminated.

Following his departure from Excelsior, the Respondent engaged in litigation against Excelsior, Liberty and Jason Gibson, individually over among other things money he alleged was owed to him by his former employers.  The parties submitted the matter to arbitration.  After a five day trial, the Arbitrator

5

issued an Interim Arbitration award (IAA) in favor of the employers and against the Respondent.  The Florida Bar's Exhibit 1.  The Referee does not give any weight to the IAA for several reasons.  First, the IAA was vacated in its entirety, after a court refused to confirm it, by voluntary agreement and by order of a court of competent jurisdiction. Respondent's Exhibit 12; Tr. Vol. II, page 196, lines 18-23.  Second, the burden of proof for the IAA is a preponderance of the evidence, not the clear and convincing standard as required by these proceedings.  Third, the Arbitrator's findings that the Respondent engaged in unethical conduct based on testimony and evidence that occurred over a five day trial and that has not been presented or observed by this Referee are of little weight.  The IAA was not a basis for any discipline by the State Bar of Nevada.  While the Referee may be sympathetic to the amount of time, energy and money that the Respondent's employers spent to litigate the IAA issues, sympathy should play no part in the Referee's recommendation.

The Florida Bar argued and presented evidence of other alleged conflicts of interest engaged in by the Respondent when he represented other clients whose interests were allegedly adverse to Excelsior or Liberty.  There is no clear and convincing evidence to suggest that anything the Respondent may have done on behalf of his other clients was actually adverse to Excelsior or Liberty. The Respondent testified it was not. Tr. II, page 203, line 1-204, line 24 and 246, line

6

4-248, line 7. The Respondent was authorized under his employment agreement to do so. Tr. Vol. II, page 198: 23-25. The Florida Bar's witness, Mr. Dunlap, offered no examples of a single matter where such representation was adverse. Tr. Vol. II, page 281, line 23-284, line 23. The only instance in which there was a conceivable conflict was with respect to the representation of XVideos, but as soon as a potential conflict arose, Respondent acted to withdraw and the conflict never ripened. Tr. Vol. II, page 248, lines1-7.  Mr. Dunlap's testimony regarding 10 Group fails to show that the Respondent represented 10 Group in that transaction. There was no conflict of interest where he briefly represented 10 Group regarding an unrelated litigation matter. The Nevada bar investigated these conflicts and no such conflicts were found. Tr. Vol. II, page 265, lines 3-11.

Since the imposition of the Nevada Order, every other state in which Respondent is admitted has issued reciprocal discipline tracking the Nevada Order. Specifically:

1.     Arizona: The Presiding Disciplinary Judge issued a Final Judgment and Order of Reprimand and Probation placing Mr. Randazza on 18 months of probation, concurrent with the Nevada discipline. Respondent's Exhibit 4; Tr. Vol. II, page 189, line 11-13.

2.     California: The Supreme Court of California issued a one-year suspension, stayed for one year, to be terminated upon satisfying the terms of the stay, which includes quarterly reporting and passing the MPRE. Respondent's Exhibit 9; Tr.Vol. II, page 188, lines 15-24

3.     Massachusetts: The Supreme Judicial Court issued an Order of Term Suspension/Stayed, suspending Mr. Randazza for 12 months, stayed for 18

7

months, retroactive to the date of the Nevada discipline, with the suspension to be lifted upon compliance with the Nevada Order. Respondent's Exhibit 10; Tr. Vol. II, page 189, lines5-10.

None of these jurisdictions found any factors in aggravation warranting any discipline in excess of that imposed by Nevada. Tr.Vol. II, page 224, line22-225,, line 11. To date, Respondent's right to practice law has not been suspended.

Additionally, proceeding in the Federal Appellate Courts (10th, 11th and Federal Circuit) all deferred to the Nevada Order.  Respondent's Exhibit 4.  The Supreme Court of the United States and the U.S. Courts of Appeals for the 1st, 2nd, 4th, 6th, 7th and 9th Circuits to date, have not taken any action despite timely notice. Tr. Vol. II, page 241, lines 2-9.

Despite being put on notice of the Nevada Order, the U.S. District Courts for the Northern & Middle Districts of Florida, the Northern District of Texas, the Northern, Central, Eastern, & Southern Districts of California, the Eastern District of Wisconsin, the Eastern District of Michigan, the Northern District of Ohio, and the District of Montana (admitted pro hac vice) have taken no action toward reciprocal discipline. Tr. Vol. II, page 241, lines 2-9. The matter was referred to an investigatory subcommittee of the Ad Hoc Committee on Attorney Admissions, Peer Review and Attorney Grievance of the U.S. District Court for the Southern District of Florida following Respondent's response to a show cause order.  Since the Final Hearing, on May 8, 2020, the U.S. District Court for the Southern District

8

of Florida adopted the disciplinary measures imposed by Nevada.  See In re: Marc

John Randazza, Case No. 18 MC 25230  (S.D. Fla. Feb. 6, 2019).  This document

is of record pursuant to the granting of the Respondent's Motion to Supplement the

Record. The U.S. District Court for the District of Massachusetts, upon the consent

of Respondent, imposed reciprocal discipline in the nature of a 12-month

suspension, stayed for 18 months, retroactive to October 10, 2018, conditioned

upon compliance with the Nevada Order. See Respondent's Exhibit 4, In re: Marc.

J Randazza, Misc. Bus. Dict. No. 18-mc-81490-FDS (D. Mass. sept. 26, 2019).

Only the U.S. District Court for the District of Nevada, which did not act on

the prompt notice of the Nevada Order until September 2019, issued an order

placing the Respondent on active suspension until the expiration of the Nevada

state probation, subject to reinstatement upon discharging all conditions. See In re:

Marc J. Randazza, Case No. 2: 19-cv-01765-MMD (D. Nev. Oct. 22, 2019). The

reason given was that the court had "neither the obligation, resources, nor

inclination to monitor Mr. Randazza's compliance with the probationary conditions

the [Nevada Supreme Court] imposed on him." Id. at 1; Tr. Vol. II, page 241, lines

10-14.

Finally, the Referee does not find persuasive the numerous character letters

submitted by the Respondent nor the testimony of his character witnesses, who

were unfamiliar with the facts surrounding his discipline. Like the IAA award, the

9

Referee does not give any weight to these letters whether sent directly to the Referee's chambers or filed as an exhibit.

III.    RECOMMENDATIONS AS TO GUILT.

I recommend that Respondent be found guilty of violating the following Rules Regulating The Florida Bar: 4-1.8(a) and Rule 4-5.6(b).

STANDARDS FOR IMPOSING LAWYER SANCTIONS

I considered the following Standards prior to recommending discipline: 3.0, 4.3, 9.1, 9.2 and 9.3.

IV.    RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BEAPPLIED

I recommend that Respondent be found guilty of misconduct justifying disciplinary measures, and that he be disciplined by:

A.    One year of probation with a public reprimand and that the Respondent successfully complete the thirty hours of Florida continuing legal education ethics hours, and

B.    Payment of The Florida Bar's costs in these proceedings.

V.    PERSONAL HISTORY, PAST DISCIPLINARY RECORD

Prior to recommending discipline pursuant to Rule 3-7.6(m)(1)(D), I considered the following:

Age: 50 Years of Age.

10

Date of Bar Admission: March 3, 2003

Prior Discipline:   None

Aggravating Factors:  Standard 9.2

       (d)    multiple offenses; and
       (i)    substantial experience in the practice of law.

Mitigating Factors:

       (a)    absence of a prior disciplinary record.

## VI.   STATEMENT OF COSTS AND MANNER IN WHICH COSTS SHOULD BE TAXED

I find the following costs were reasonably incurred by The Florida Bar:

| | |
|---|---|
| Investigative Costs | $105.25 |
| Administrative Costs | $1250.00 |
| Court Reporter's Fees | $1532.00 |
| Total | $2887.25 |

It is recommended that such costs be charged to Respondent and that interest at the statutory rate shall accrue and be deemed delinquent 30 days after the judgment in this case becomes final unless paid in full or otherwise deferred by the Board of Governors of The Florida Bar.

Dated this 7th day of July 2020.

/S/ *Dawn Caloca Johnson*
Dawn Caloca-Johnson, Referee
301 South Monroe Street
Tallahassee, FL 32301-1861

11

Originals To:

Clerk of the Supreme Court of Florida; Supreme Court Building; 500 South Duval Street, Tallahassee, Florida, 32399-1927

Conformed Copies to:

James Keith Fisher, Bar Counsel, at jfisher@floridabar.org, and

John A. Weiss, Counsel for Respondent, at jweiss@rumberger.com

# Supreme Court of Florida

THURSDAY, SEPTEMBER 3, 2020

**CASE NO.: SC19-188**
Lower Tribunal No(s).:
2015-00,718(2B)

THE FLORIDA BAR       vs.     MARC JOHN RANDAZZA

| Complainant(s) | Respondent(s) |
| --- | --- |

     The Court approves the uncontested referee's report and reprimands respondent.

     Respondent is further placed on probation for one year under the terms and conditions set forth in the report.  Respondent shall comply with all other terms and conditions in the report.

     Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Marc John Randazza in the amount of $2,887.25, for which sum let execution issue.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court

ca
Served:
LESLIE LAGOMASINO BAUM           JAMES KEITH FISHER
HON. DAWN CALOCA-JOHNSON, JUDGE    JOHN A. WEISS
PATRICIA ANN TORO SAVITZ

# **Exhibit 3**

Order Approving Conditional Guilty Plea, *In re Marc J. Randazza*, Bar No. 12265, No. 76543
(Nev. Oct. 10, 2018)

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARC J. RANDAZZA, BAR NO. 12265.

No. 76453

**FILED**

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary
Board hearing panel's recommendation that this court approve, pursuant
to SCR 113, a conditional guilty plea agreement in exchange for a stated
form of discipline for attorney Marc J. Randazza.  Under the agreement,
Randazza admitted to violating RPC 1.8(a) (conflict of interest: current
clients: specific rules) and RPC 5.6 (restrictions on right to practice) in
exchange for a 12-month suspension, stayed for a period of 18 months
subject to conditions.

Randazza has admitted to the facts and the violations alleged
in two counts set forth in the amended complaint.[1]  The record therefore
establishes that Randazza violated the above-listed rules by loaning money
to his client without informing the client in writing of the desirability of
obtaining independent counsel, and by negotiating with opposing counsel to
receive, as part of a settlement, a retainer for future legal services.

As Randazza admitted to the violations as part of the plea
agreement, the issue for this court is whether the agreed-upon discipline

_____

[1]In exchange for Randazza's guilty plea, the State Bar agreed to
dismiss the remaining seven counts in the amended complaint.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-39837

sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline).  In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Randazza has admitted to violating duties owed to his client (conflict of interest) and the legal profession (restrictions on right to practice), and the admitted facts reflect that the misconduct was knowing. His conduct may have caused a delay in the disbursement of settlement funds to his client.  The baseline sanction for both rule violations, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when a lawyer "knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"); *id.* Standard 7.2 (providing that suspension is appropriate when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of prior disciplinary record, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and delay in disciplinary proceedings).  Considering all the factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Marc J. Randazza for 12 months, stayed for 18 months commencing on the date of this order, subject to the following conditions: (1) Randazza shall "stay out of trouble" during the probationary period, "meaning that he will have no new grievance arising out of conduct post-dating the date of the plea which results in the imposition of actual discipline (a Letter of Reprimand or above, SCR 102) against him"; (2) he shall successfully complete 20 hours of CLE in ethics in addition to his normal CLE requirements during the probationary period; (3) he shall seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period; and (4) he shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days of this court's order, if he has not done so already.  The State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.        _____, J.
Cherry                              Gibbons

_____, J.        _____, J.
Pickering                           Hardesty

_____, J.        _____, J.
Parraguirre                         Stiglich

cc:   Chair, Southern Nevada Disciplinary Panel
      Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
      Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court

# **Exhibit 4**

Conditional Guilty Plea, *In re Marc J. Randazza*, Bar No. 12265, No. 76543
(Nev. June 5, 2018)

FILED

JUN 05 2018

STATE BAR OF NEVADA
BY: _____
OFFICE OF BAR COUNSEL

Case No.:  OBC15-0747

STATE BAR OF NEVADA

SOUTHERN NEVADA DISCIPLINARY BOARD

STATE BAR OF NEVADA,

        Complainant,

vs.

MARC J. RANDAZZA, ESQ.,

        Nevada Bar No. 012265,
        Respondent.

**CONDITIONAL GUILTY PLEA
IN EXCHANGE FOR A STATED
FORM OF DISCIPLINE**

Marc J. Randazza ("Respondent"), Bar No. 012265 hereby tenders to Assistant Bar Counsel for the State Bar of Nevada a Conditional Guilty Plea ("Plea") pursuant to Supreme Court Rule ("SCR") 113(1) and agrees to the imposition of the following Stated Form of Discipline in the above-captioned cases.

I.
**CONDITIONAL GUILTY PLEA**

Through the instant Plea, Respondent agrees and admits as follows:

1.      Respondent is now and at all times since January 6, 2012 was a licensed attorney in the State of Nevada.

2.      The State Bar filed a Formal Complaint on the above referenced case on January 25, 2016.  Thereafter, the State Bar filed an Amended Complaint on December 16, 2016. Respondent filed various Motions to Dismiss the Amended Complaint and then ultimately filed a Verified Response to the Amended Complaint on October 23, 2017.

3.      In accordance with the Stipulation of Facts herein, Respondent pleads guilty and admits that he violated Rules of Professional Conduct ("RPC") as follows:

**SBN EXH 1, PG.0001**

## II.
## STIPULATION OF FACTS

The facts stipulated to and agreed upon between Respondent and the State Bar of Nevada in support of this conditional plea are as follows:

1.       Respondent is now a licensed attorney in the states of Nevada, California, Florida, Arizona, and Massachusetts.  Respondent became licensed in the State of Nevada on or about January 6, 2012 and has been assigned Bar No. 12265.

2.       In or about June 2009, Respondent entered into an agreement with Excelsior Media Corp ("Excelsior") which provided, among other things, that Respondent would become in-house general corporate counsel for Excelsior ("Legal Services Agreement").   The Legal Services Agreement did not prohibit Respondent from also maintaining a private legal practice to provide legal services to clients other than Excelsior.

3.       At the time the Legal Services Agreement was entered into, Excelsior was headquartered in California and Respondent was licensed to practice law in the State of Florida.  For a period of time following execution of the Legal Services Agreement, Respondent relocated to California, obtained admission to the State Bar of California, and maintained his primary office to perform legal work for Excelsior in California.

4.       At the time the Legal Services Agreement was entered into, Excelsior had a subsidiary or affiliate called Liberty Media Holdings, LLC ("Liberty").  Liberty was engaged in the business of production and distribution of pornography.  After entering into the Legal Services Agreement, Respondent provided legal services to both Excelsior and Liberty, although no separate agreement was entered into by and between Liberty and Respondent.

5.       In or about February 2011, Excelsior relocated its corporate headquarters to Las Vegas, Nevada.  In or about June 2011, Respondent relocated to Las Vegas, Nevada and continued working as general corporate counsel for Excelsior.  Prior to June 2011, Respondent was not

engaged in the practice of law in the State of Nevada in any capacity, except to the extent such was in his capacity as a member of the bar of the U.S. District Court for the District of Nevada.

6.     At the direction of Excelsior, Respondent pursued violations of Liberty's intellectual property rights by third parties through his separate law firm.

7.     On or about June 20, 2012, Respondent, on behalf of Liberty, filed a lawsuit in US District Court, District of Nevada against FF Magnat Limited d/b/a Oron.com ("Oron") for alleged violations of Liberty's intellectual property. See Case No. 2:12-cv-01057-GMN-RJJ (hereinafter "Oron Litigation").

8.     On or about June 21, 2012, Respondent obtained an injunction in the Oron Litigation freezing certain accounts and funds belonging to Oron.

9.     On July 1, 2012, Respondent and attorneys for Oron signed a letter memorializing settlement terms in regards to the Oron Litigation and a similar case between the two parties in Hong Kong (hereinafter "Settlement Letter"). An essential part of the Settlement Letter was that Oron would pay Liberty the sum of $550,000 with said sum payable to Respondent's Attorney-Client Trust Account.

10.     A dispute arose after the Settlement Letter was signed. On behalf of Liberty, Respondent filed a Motion to Enforce Settlement.

11.     By Order dated August 7, 2012, the United States District Court found that the Settlement Letter constituted an enforceable contract as there was a "meeting of the minds as to all material terms on July 5, 2012." A Judgment was entered in the docket of the above-entitled Court in favor of Liberty as Judgment Creditor and against Oron as Judgment Debtor for $550,000.00.

12.     By Order dated August 21, 2012, the United States District Court ordered PayPal, Inc., to transfer funds belonging to Oron to satisfy the Judgment by paying $550,000.00 to the trust account of Randazza Legal Group.

**SBN EXH 1, PG.0003**

13.     Between August 7, 2012 and August 13, 2012, Respondent and Oron continued discussions regarding reducing the terms of the Settlement Letter and the Judgment into a more definitive written agreement although the District Court had already enforced the settlement and reduced the $550,000.00 settlement amount ("Settlement Amount") to judgment ("Post-Judgment Discussions").

14.     During the Post-Judgment Discussions, Oron informed Respondent that it wanted to enter into an agreement to retain Respondent for bona fide legal services, which would have the practical effect of potentially conflicting off Respondent from ever representing a client in litigation against Oron in the future.

15.     Subject to the agreement of Liberty and Liberty's execution of a written agreement, Respondent negotiated a separate agreement with Oron whereby $75,000 of Oron's frozen funds would be released to Oron's counsel with the understanding, but no guarantee, that such funds would be used to retain Respondent as counsel for Oron for the payment of $75,000, which would have the practical effect of potentially conflicting Respondent off any future litigation against Oron ("Post-Judgment Agreement").

16.     On or about August 13, 2012, Respondent informed Liberty of the proposed Post-Judgment Agreement by presenting a copy thereof to Liberty's CEO Jason Gibson for his review, approval and signature.   The Post-Judgment Agreement encompassed the payment of the $550,000 Settlement Amount and Judgment by Oron to Liberty as well as the release of $75,000 of Oron's frozen funds to Oron's counsel.

17.     On or about August 13, 2012, Respondent and Jason Gibson discussed the proposed unfreezing of $75,000 of Oron's funds.  Jason Gibson expressed concerns to Respondent about the disposition of that $75,000 and did not consent to such unfreezing.

18.     As a result of the August 13, 2012 discussion between Jason Gibson and Respondent, the Post-Judgment Agreement was not executed.   Oron's frozen funds were not

released, Respondent did not receive a $75,000 payment, and Respondent did not become counsel for Oron which might have conflicted him off from opposing Oron in future litigation.

19.    In response to the District Court's Order dated August 21, 2012, PayPal transferred $550,000 of Oron's funds to pay the $550,000 Settlement Amount and Judgment in favor of Liberty.  A full and proper accounting of those funds has occurred with Liberty receiving its appropriate share.

20.    During August of 2012, Respondent and Jason Gibson also discussed pursuing further litigation on behalf of Liberty against Oron and/or its affiliates or related parties in overseas jurisdictions.  Respondent estimated additional litigation costs and expenses (not to include attorney's fees) in an amount approximating $50,000. Mr. Gibson informed Respondent that Liberty was prepared to advance $25,000 for additional costs and expenses if Respondent would advance the other half.  Respondent informed Mr. Gibson that he would personally advance the additional required $25,000.  To memorialize the $25,000 as an advancement of costs and expenses, Respondent requested Liberty execute a promissory note to that effect.

21.    On or about August 21, 2012, pursuant to Respondent's advancement to Liberty of the $25,000, Mr. Gibson signed a promissory note on Liberty's behalf noting the terms of repayment.

22.    Respondent did not advise Liberty, in writing, of its right to seek the advice of independent counsel with regards to the promissory note.

23.    Respondent's employment by Excelsior ceased on or about August 29, 2012 after he indicated a likely need to withdraw from representing Liberty.  Respondent and Excelsior dispute whether Respondent resigned or was terminated by Excelsior.

24.    RPC 5.6 reads, in part, that "[a] lawyer shall not participate in offering or making ... [a]n agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy."  As part of the negotiations culminating in the drafting of the proposed

**SBN EXH 1, PG.0005**

Post-Judgment Agreement to which Liberty was a proposed party and signatory, Respondent offered to enter into an agreement which would have the likely effect of restricting Respondent's right to practice law.

25.    RPC 1.8(a) mandates that "a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory security or other pecuniary interest adverse to a client  unless: (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing in a manner that can be reasonably understood by the client, and(b) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction." Respondent did not advise Liberty, in writing, of the desirability or advisability of seeking the advice of independent legal counsel on the fairness of the $25,000 advance or give Liberty the reasonable opportunity to seek the advice of independent counsel before accepting the advance and signing the promissory note.

## AGGRAVATION / MITIGATION

1.    Pursuant to SCR 102.5(1) (Aggravation and mitigation), the Parties considered the following *aggravating* factors in considering the discipline to be imposed:

(i)    Substantial experience in the practice of law.

2.    Pursuant to SCR 102.5(2) (Aggravation and mitigation), the Parties considered the following *mitigating* factors in considering the discipline to be imposed:

(a) Absence of prior disciplinary record;

(e) Full and free disclosure to disciplinary authority or cooperative attitude toward proceeding including Respondent's self-reporting of the results of an arbitration proceeding which reopened this matter after the initial complaint had been closed;

(j)     Delay in disciplinary proceedings recognizing that all allegations relate to alleged conduct occurring almost 6 and 7 years prior to this Conditional Guilty Plea with no further complaints filed with the bar subsequent to that time.

## III.
## STATED FORM OF DISCIPLINE

Based upon the above and foregoing, the Parties agree to recommend attorney discipline subject to the following conditions:

1.     The Respondent agrees to accept a term of suspension of 12 months, with the suspension stayed; said suspension is to begin on the date of the Nevada Supreme Court's Order approving the conditional guilty plea in this matter.

2.     The Respondent will be placed on an eighteen-month term of probation, said probation to begin on the date of the Nevada Supreme Court's order approving the conditional guilty plea in this matter.

3.     The Respondent will "stay out of trouble" during his term of probation, meaning that he will have no new grievance arising out of conduct post-dating the date of this Conditional Guilty Plea resulting in the imposition of actual discipline (a Letter of Reprimand or above- SCR 102) against him during his term of probation.

4.     The Respondent will successfully complete twenty hours of Continuing Legal Education ("CLE"), in addition to his normal CLE requirements, during his term of probation.  The twenty CLE hours will all be ethics credits, cannot be used as credit against any other CLE requirements, and will be reported to the State Bar of Nevada.

5.     The Respondent will seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period.

6.      The Respondent agrees to pay SCR 120(1) fees in the amount of $2,500.00, and to pay the actual costs of the disciplinary proceeding.  That amount is to be paid in full within thirty days of receipt of a billing from the State Bar.

7.      If any of these terms is violated by the Respondent, it will be grounds for the State Bar to seek to impose the stayed portion of the suspension.

IV.
**CONDITIONAL AGREEMENT BY THE STATE BAR**

Conditional to approval by the Nevada Supreme Court of the instant Plea, the State Bar agrees to:

1.      Dismiss all remaining allegations of violations of Rules, with prejudice.

V.
**APPROVAL OF RESPONDENT**

Having read the Plea and being satisfied with it, the same is hereby approved by Respondent.

Respondent acknowledges that he has had the opportunity to discuss this Plea with counsel of his choosing.  Respondent fully understands the terms and conditions set forth herein and enters into this Plea freely and voluntarily.

DATED this ___ day of May, 2018.


Marc J. Randazza, Esq.
Nevada Bar No. 012265
c/o Dominic Gentile. Esq.
410 South Rampart Boulevard, Suite 420
Las Vegas, NV  89145

**SBN EXH 1, PG.0008**

1

2

V.

**APPROVAL OF BAR COUNSEL**

3    Having read the Plea tendered by Respondent and being satisfied with the contents therein,

4  I hereby approve and recommend the Plea for approval by the Formal Hearing Panel.

5        DATED this ___4___ day of ~~May,~~ 2018.

                        June

6

7

STATE BAR OF NEVADA

Janeen V. Isaacson, Acting Bar Counsel

8

By: _____

9        Matthew Carlyon

        Assistant Bar Counsel

10       Nevada Bar No. 12712

        3100 W. Charleston Blvd., Suite 100

11       Las Vegas, Nevada, 89102

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**SBN EXH 1, PG.0009**

# **Exhibit 5**

Letter from State Bar of Nevada
(April 13, 2020)

# STATE BAR OF NEVADA



April 13, 2020

**Via email only to mjr@randazza.com**

Marc Randazza, Esq.
2764 Lake Sahara Dr.
Suite 109
Las Vegas, NV 89117

Re:  Compliance with Nevada Supreme Court Order filed October 10, 2018

Dear Mr. Randazza:

Our records reflect that you have successfully completed the conditions of your stayed suspension as set forth in the Nevada Supreme Court's Order filed October 10, 2018, in Case No. 76453, and no actual suspension will be imposed.

Congratulations on your successful completion of probation.  Our file in the matter is now closed.

Please do not hesitate to contact our office if you have any questions.

Sincerely,

Daniel Hooge (Apr 13, 2020)

Daniel M. Hooge
Bar Counsel

/lw

3100 W. Charleston Blvd.
Suite 100
Las Vegas, NV 89102
phone 702.382.2200
toll free 800.254.2797
fax 702.385.2878

9456 Double R Blvd., Ste. B
Reno, NV 89521-5977
phone 775.329.4100
fax 775.329.0522

*www.nvbar.org*

# 2020.04.13_Randazza letter

**Final Audit Report** 2020-04-13

| | |
|---|---|
| Created: | 2020-04-13 |
| By: | Belinda Felix (belindaf@nvbar.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAUrl0u3COu_Dl8BmR1itrFUKf5kVWRMfB |

## "2020.04.13_Randazza letter" History

Document created by Belinda Felix (belindaf@nvbar.org)
2020-04-13 - 5:04:06 PM GMT- IP address: 68.224.102.64

Document emailed to Daniel Hooge (danh@nvbar.org) for signature
2020-04-13 - 5:04:32 PM GMT

Email viewed by Daniel Hooge (danh@nvbar.org)
2020-04-13 - 5:33:42 PM GMT- IP address: 98.167.70.177

Document e-signed by Daniel Hooge (danh@nvbar.org)
Signature Date: 2020-04-13 - 5:33:48 PM GMT - Time Source: server- IP address: 98.167.70.177

Signed document emailed to Daniel Hooge (danh@nvbar.org) and Belinda Felix (belindaf@nvbar.org)
2020-04-13 - 5:33:48 PM GMT

Adobe Sign

# __Exhibit 6__

Final Judgement and Order of Reprimand and Probation, State of Arizona
(January 14, 2019)

## BEFORE THE PRESIDING DISCIPLINARY JUDGE

|  |  |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA**,**<br><br>**MARC J. RANDAZZA,**<br>**Bar No. 027861**<br><br>Respondent. | **PDJ-2018-9110**<br><br>**FINAL JUDGMENT AND ORDER OF REPRIMAND AND PROBATION**<br><br>[State Bar No. 18-3420-RC]<br><br>**FILED JANUARY 14, 2019** |

Under Rules 54(h) and 57(b), *Reciprocal Discipline*, Ariz. R. Sup. Ct.,[1] a certified copy of the Supreme Court of Nevada's Order Approving Conditional Guilty Plea Agreement was received by the Presiding Disciplinary Judge (PDJ).

The Order imposed a 12-month suspension, which was stayed for 18 months subject to conditions. The conditions include the following terms: Respondent shall have no new grievances out of conduct post-dating the date of the plea which results in the imposition of discipline; 2) successfully complete during the period of probation 20 hours of continuing legal education (CLE) in ethics in addition to any yearly CLE requirements; 3) seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflict of interest waivers during the period of probation; 4) pay actual costs of disciplinary

---

[1] Unless otherwise stated, all rule references are to the Ariz. R. Sup. Ct.

proceeding including $2,500.00 under SCR 120. The suspension was for Mr. Randazza's failure to avoid conflict of interests with clients and failure to advise the client of their right to seek the advice of independent counsel regarding a promissory note.

Notice of the filing of that Order was issued to the parties on November 11, 2018, in compliance with Rule 57(b)(2). Under Rule 57(b)(3), the PDJ "shall impose the identical or substantially similar discipline" unless Bar Counsel or Respondent establishes by preponderance of the evidence one of the four elements listed under that rule. Both the State Bar and Mr. Randazza filed responses. The State Bar asserts under Rule 57(b)(3), no factors are applicable, and a sanction of reprimand and probation are appropriate under the facts of this matter. Mr. Randazza asserts suspension in this matter is not warranted and would in fact be punitive. He states the appropriate resolution in this matter is to stay these proceedings until successful completion his term of probation in Nevada and to then dismiss this matter.  In the alternative, Mr. Randazza requests a reprimand, or at most, be placed on probation with no additional terms.

Arizona does not recognize a stayed suspension subject to conditions. Rule 60, Ariz. R. Sup. Ct. Therefore, the imposition of an identical sanction is not appropriate and a suspension in Arizona may not be stayed in favor of probation.

We are reminded that the objective of lawyer discipline proceedings is to protect the public, the profession, and the administration of justice, and not to punish the lawyer. *In re Neville*, 147 Ariz. 106, 708 P.2d 1297. Imposing a reprimand and probation serves to advise the Bar and the public that Mr. Randazza engaged in conduct that violated the Rules of Professional Conduct. It serves the purpose of protecting the public, the integrity of the profession, educating other lawyers, and instilling confidence in the integrity of the disciplinary process. A reprimand and eighteen (18) months of probation is substantially similar discipline

Now Therefore,

**IT IS ORDERED** imposing reciprocal discipline of reprimand and eighteen (18) months of probation upon Respondent, **MARC J. RANDAZZA, Bar No. 027861,** effective immediately.

**IT IS FURTHER ORDERED** Mr. Randazza shall be placed on probation for eighteen (18) months to run concurrently with the terms and conditions as set forth in the Nevada Order Approving Guilty Plea Agreement dated October 10, 2018.

**IT IS FURTHER ORDERED** Mr. Randazza shall be responsible for the costs associated with this matter in the amount of $1,200.00.

**DATED** this 14th day of January 2019.

*William J. O'Neil*
**William J. O'Neil, Presiding Disciplinary Judge**

3

Copy of the foregoing e-mailed/mailed
this 14th day of January 2019, to:

Jon Weiss                                          Maret Vessella
Lewis Roca Rothgerber Christie LLP                 Chief Bar Counsel
201 E. Washington Street, Suite 1200               State Bar of Arizona
Phoenix, AZ  85004-2595                            4201 North 24th Street, Suite 100
Email: jweiss@lrrc.com                             Phoenix, AZ 85016-6288
Respondent's Counsel                               Email: LRO@staff.azbar.org


by: AMcQueen

# **Exhibit 7**

Order of Term Suspension/Stayed, Commonwealth of Massachusetts
(May 14, 2019)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPREME JUDICIAL COURT
                                     FOR SUFFOLK COUNTY
                                     NO:  BD-2018-110

IN RE: MARC JOHN RANDAZZA

ORDER OF TERM SUSPENSION/STAYED

This matter came before the Court, Gaziano, J., on a
Petition for Reciprocal Discipline pursuant to S.J.C. Rule 4:01,
§ 16, and the Order entered in the Supreme Court of the State of
Nevada filed by the Office of Bar Counsel on December 11, 2018.

On December 12, 2018, an Order of Notice issued and was
served on the lawyer in the manner specified in S.J.C. Rule
4:01, § 21, directing him to inform the Court within thirty
(30) days why the imposition of the identical discipline would
be unwarranted in the Commonwealth of Massachusetts. On January
15, 2019, the lawyer filed his response to the petition and a
hearing was scheduled for March 26, 2019. On March 19, 2019,
counsel for the lawyer filed a motion to continue the hearing,
which was allowed by this Court and the hearing was rescheduled
for May 2, 2019.  Bar Counsel's reply to the lawyer's response
was filed by Acting Bar Counsel on April 2, 2019, and the lawyer
then filed his memorandum in response to Acting Bar Counsel's
reply on April 26, 2019.

Upon consideration thereof, and after a hearing attended by acting bar counsel, the lawyer and his counsel;

It is ORDERED that:

Marc John Randazza is hereby suspended from the practice of law in the Commonwealth of Massachusetts for a period of twelve (12) months, with the execution of the suspension stayed for a period of eighteen (18) months, retroactive to October 10, 2018, conditioned upon the lawyer's compliance with the Order entered in the Supreme Court of Nevada, attached hereto and incorporated herein.

After eighteen (18) months from October 10, 2018, the lawyer may file an affidavit of compliance with the Office of Bar Counsel and the Clerk of the Supreme Judicial Court for the County of Suffolk, that he has complied with this Order. Upon receipt, and with the assent of the Office of Bar Counsel, the lawyer may then request that this court issue an order that he is no longer subject to the twelve (12) month suspension for the misconduct that gave rise to the instant petition for discipline.

By the Court, (Gaziano, J.)

Assistant Clerk

Entered:   May 14, 2019



EXHIBIT

A

# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
MARC J. RANDAZZA, BAR NO. 12265.

No. 76453

# FILED

OCT 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Marc J. Randazza. Under the agreement, Randazza admitted to violating RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice) in exchange for a 12-month suspension, stayed for a period of 18 months subject to conditions.

Randazza has admitted to the facts and the violations alleged in two counts set forth in the amended complaint.[1] The record therefore establishes that Randazza violated the above-listed rules by loaning money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

As Randazza admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline

---

[1] In exchange for Randazza's guilty plea, the State Bar agreed to dismiss the remaining seven counts in the amended complaint.

SUPREME COURT
OF
NEVADA

(O) 1947A

18-39837

sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Randazza has admitted to violating duties owed to his client (conflict of interest) and the legal profession (restrictions on right to practice), and the admitted facts reflect that the misconduct was knowing. His conduct may have caused a delay in the disbursement of settlement funds to his client. The baseline sanction for both rule violations, before considering aggravating and mitigating circumstances, is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.32 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when a lawyer "knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client"); *id.* Standard 7.2 (providing that suspension is appropriate when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports one aggravating circumstance (substantial experience in the practice of law) and three mitigating circumstances (absence of prior disciplinary record, full and free disclosure to disciplinary authority or cooperative attitude toward proceeding, and delay in disciplinary proceedings). Considering all the factors, we conclude that the agreed-upon discipline is appropriate.

Accordingly, we hereby suspend Marc J. Randazza for 12 months, stayed for 18 months commencing on the date of this order, subject to the following conditions: (1) Randazza shall "stay out of trouble" during the probationary period, "meaning that he will have no new grievance arising out of conduct post-dating the date of the plea which results in the imposition of actual discipline (a Letter of Reprimand or above, SCR 102) against him"; (2) he shall successfully complete 20 hours of CLE in ethics in addition to his normal CLE requirements during the probationary period; (3) he shall seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflicts of interest waivers during the probationary period; and (4) he shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days of this court's order, if he has not done so already.  The State Bar shall comply with SCR 121.1

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

3

cc:   Chair, Southern Nevada Disciplinary Panel
      Gentile, Cristalli, Miller, Armeni & Savarese, PLLC
      Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, U.S. Supreme Court

# **Exhibit 8**

Order on Discipline, *In re Marc J. Randazza,* No. S258331
(CA. Dec. 11, 2019)

SUPREME COURT
# FILED

(State Bar Court No. SBC-19-J-30338)

DEC 1 1 2019

Jorge Navarrete Clerk

## S258331

Deputy

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

In re MARC JOHN RANDAZZA on Discipline

The court orders that Marc John Randazza (Respondent), State Bar Number 269535, is suspended from the practice of law in California for one year, execution of that period of suspension is stayed, and Respondent is placed on probation for one year subject to the following conditions:

1.  Respondent must comply with the conditions of probation recommended by the Hearing Department of the State Bar Court in its Order Approving Stipulation filed on August 13, 2019; and

2.  At the expiration of the period of probation, if Respondent has complied with the terms of probation, the period of stayed suspension will be satisfied and that suspension will be terminated.

Respondent must provide to the State Bar's Office of Probation proof of taking and passing the Multistate Professional Responsibility Examination as recommended by the Hearing Department in its Order Approving Stipulation filed on August 13, 2019. Failure to do so may result in suspension. (Cal. Rules of Court, rule 9.10(b).)

Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

CANTIL-SAKAUYE

*Chief Justice*

# **Exhibit 9**

Arizona State Bar's Notice of Successful Completion of Probation
(April 16, 2020)

FILED
4/16/2020
/s/ BRANDI ENSIGN

Maret Vessella, Bar No. 019350
Chief Bar Counsel
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266
Telephone (602)340-7272
Email: LRO@staff.azbar.org

## BEFORE THE PRESIDING DISCIPLINARY JUDGE

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA,<br><br>**MARC J. RANDAZZA**<br>  **Bar No. 027861**<br><br>         Respondent. | PDJ 2018-9110<br><br>**NOTICE OF SUCCESSFUL COMPLETION OF PROBATION**<br><br>File No. **18-3420-RC** |

Pursuant to Rule 60(a)(5)(C), Ariz. R. Sup. Ct., the State Bar, through undersigned bar counsel, hereby notifies the Presiding Disciplinary Judge of the Supreme Court of Arizona that Respondent has successfully complied with the terms of probation, and the probation is therefore completed.

DATED this 16th day of April, 2020.


_/s/Maret Vessella_____
Maret Vessella
Chief Bar Counsel


Original electronically filed with the Disciplinary Clerk of
the Office of the Presiding Disciplinary Judge
of the Supreme Court of Arizona
this 16th day of April, 2020.

1

Copy of the foregoing emailed
this 16th day of April, 2020, to:

Jon D. Weiss
Lewis Roca Rothgerber Christie LLP
201 E. Washington St, Ste 1200
Phoenix, AZ  85004-2595
Email: jweiss@lrrc.com
Respondent's Counsel

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266

Compliance Monitor
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266

by: /s/Jackie Brokaw_____

2

# **Exhibit 10**

Discharge of Suspension, Commonwealth of Massachusetts
(April 27, 2020)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No:   BD-2018-110

IN RE: MARC JOHN RANDAZZA

ORDER

This matter came before the Court, Gaziano, on the motion
for an order to enter that the lawyer is no longer subject to the
twelve month suspension imposed by this Court's May 14, 2018 Order
of Term Suspension/Stayed, the execution of which was stayed for
eighteen (18) months retroactive to October 10, 2018, and
conditioned upon the lawyer's compliance with the Order entered in
the Supreme Court of Nevada.  With the Office of Bar Counsel
assenting to the motion and the fact that execution of the
suspension was stayed, the lawyer was never in fact suspended from
the practice of law, therefore no formal order of reinstatement
is required.

Upon consideration thereof, it is ORDERED that Marc John
Randazza shall no longer be subject to the twelve (12) month

term suspension for the misconduct that gave rise to the petition

for discipline.

By the Court, (Gaziano, J.)

Assistant Clerk

Entered: 4/27/2020

# **Exhibit 11**

Marc J. Randazza MPRE Score

## MPRE Score

Name: MARC RANDAZZA
NCBE Number: N10473643
Date of Birth: 11/26/1969

Your score on the Multistate Professional Responsibility Examination (MPRE) administered on 03/13/2020 is as follows:

Scaled Score: 119

The score shown above has been reported to CALIFORNIA as you requested when you registered for the MPRE.

**Your MPRE score will be available on your NCBE account only until the next MPRE test date. If you want to obtain your score after that, you will need to request a score transcript, and pay the required fee. Therefore, we recommend that you save this page and/or print it for your records.**

Each jurisdiction determines its own passing score on the MPRE. You may find a jurisdiction's passing score, as well as contact information for its bar admission agency, by selecting the jurisdiction from the interactive map. Any questions about admission requirements pertaining to MPRE scores should be directed to the bar admission agency in the jurisdiction to which you are applying.

The MPRE scaled score is a standard score. Standard scaled scores range from 50 (low) to 150 (high).

**MPRE Score Services: All MPRE score services listed below must be requested under the Score Services tab or from the File Cabinet of your NCBE account.**

- MPRE Score Report: If you would like to have your MPRE score sent to another jurisdiction, you must submit a request to NCBE for a score report. Score reports are sent to jurisdictions by secure transfer.
- MPRE Score Verification: If you would like to have the scoring of your MPRE answer sheet rechecked by hand, you must request a score verification. **Score verification requests must be submitted to NCBE within two months of the original test date.**
  Note: See link in File Cabinet to request a MPRE Score Verification. This link is only visible when the service is available.
- MPRE Unofficial Score Transcript: If you would like a replacement copy of your MPRE score after it is no longer available on this page, you must submit a request to NCBE for an MPRE Unofficial Score Transcript. The transcript will include all the MPRE scores you earned from 1999 to the present. All scores on the MPRE Unofficial Score Transcript are duplicative of score information provided following the exam. MPRE Unofficial Score Transcripts will be available in the File Cabinet of your NCBE account, and are not sent by mail.

# **Exhibit 12**

Order of Term Suspension/Stayed, U.S. District Court for the District of Massachusetts
(Sept. 26, 2019)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| IN RE:  **MARC J. RANDAZZA** | ) | MISC. BUSINESS DOCKET |
| | ) | No.: 18-mc-91490-FDS |
| | ) | |
| | ) | |
| | ) | |

## ORDER OF TERM SUSPENSION/STAYED

WHEREAS, on March 28, 2019, the United States Patent and Trademark Office has cause to file with this Court a certified copy of an Order of Term Suspension/Stayed with respect to Attorney **MARC J. RANDAZZA**;

1.    WHEREAS, pursuant to Local Rule 83.6.9(b), on September 4, 2019, "Notice of Filing of Disciplinary Action" and "Order to Show Cause" were filed in this Court and copies sent (along with a copy of the Local Rule) via certified mail to **MARC J. RANDAZZA**;

2.    WHEREAS, on September 19, 2019, Attorney James S. Bolan on behalf of **MARC J. RANDAZZA** filed a Response to Order to Show Cause consenting to reciprocal discipline.

WHEREFORE, pursuant to Local Rule 83.6.9(c), this Court hereby imposes the identical discipline, and **MARC J. RANDAZZA** is hereby suspended from this Court for a period of twelve (12) months, with the execution of the suspension stayed for a period of eighteen (18) months, retroactive to October 10, 2018, conditioned upon the lawyer's successful compliance with the Order entered in the Supreme Court of Nevada.

_Sept. 26, 2019_
Date

_____
F. Dennis Saylor, District Judge

# __Exhibit 13__

Order Adopting Second Amended and Final Report and Recommendation,
U.S. District Court for the Southern District of Florida
(May 8, 2020)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**ADMINISTRATIVE ORDER 2020-29**
**CASE # 18-MC-25320**

**In re:  MARC JOHN RANDAZZA**
         **FLORIDA BAR # 625566**

_____/

FILED BY ___CW___ D.C.

May 8, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIA

<u>**ORDER ADOPTING SECOND AMENDED AND FINAL REPORT AND**</u>
<u>**RECOMMENDATION**</u>

On February 6, 2019, this Court asked the Ad Hoc Committee on Attorney Admissions,

Peer Review, and Attorney Grievance (the "Committee") to conduct disciplinary proceedings or

to make recommendations to the Court for appropriate action in light of attorney Marc John

Randazza's discipline by the Supreme Court of Nevada.   (ECF No. 8).   Randazza was

suspended from the practice of law by the Supreme Court of Nevada on October 10, 2018, "for 12

months, stayed for 18 months."   *See In the Matter of Discipline of Randazza,* 428 P.3d 260 (2018)

("Nevada Order") (ECF No. 2).   This matter initially came to the attention of this Court by letters

from Randazza on three separate occasions, informing the Court of the Nevada Order.   (ECF Nos.

3-5).   Prior to the referral to the Committee, this Court issued an Order to Show Cause for

Randazza to respond to the Nevada Order.   (ECF No. 6).   Randazza responded that any

"disciplinary action should be deferred until the successful completion of the period of probation"

imposed by the Nevada Order.   (ECF No. 7).   In a Supplement to his Response, Randazza

informed the Court and Committee that he completed the CLE requirement imposed by the Nevada

Order and that the United States Court of Appeals for the Eleventh Circuit renewed his admission

to the bar of that Court despite the Nevada Order.   (ECF No. 9).

On April 1, 2020, after reviewing the record provided by Randazza and having confirmed

with him that "he is currently in compliance with the requirements of his probation and is unaware

of the existence of any further disciplinary matters brought against him," the Committee issued its

Report and Recommendation, recommending that this Court adopt the same disciplinary measures imposed in the Nevada Order in addition to requiring that Randazza confirm in writing that he has not been subject to any disciplinary matters since his probation began.  (ECF No. 12). After the Report and Recommendation was issued, Randazza sent an email to the Committee explaining that while he has not been subject to any new discipline and believed that the  Report  and Recommendation was limited to only new discipline, he wanted to update the Committee of other reciprocal orders of discipline already imposed upon him from the Bar of Massachusetts, the Bar of California, the U.S. District Court for the District of Massachusetts, the U.S. District Court for the District of Nevada, and the U.S. Patent and Trademark Office.  (ECF Nos. 18, 13-17).

On April 21, 2020, the Committee issued an Amended Report and Recommendation, in which it responded to Randazza's disclosure of reciprocal discipline orders from other courts. (ECF No. 19).  The Committee found that "[u]nder the applicable rules of this Court, all of these suspensions should have been reported as they occurred" pursuant to Rule 8(a) of the Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys ("Attorney Rules"), Local Rules of the United States District Court for the Southern District of Florida. *Id*.  As a consequence, the Committee recommended that this Court "continue Mr. Randazza's probation for an additional year, until April 10, 2021," that Randazza immediately report any changes to the reciprocal discipline orders or new discipline imposed from other courts, and provide the Court with periodic status reports.  *Id*.  Randazza responded with a request that the Committee withdraw its Amended Report and Recommendation and maintain its initial  Report  and Recommendation or issue a revised Report and Recommendation that does not characterize his conduct as  knowingly  violating  Rule  8(a).  ("Response  to Amended   Report   and Recommendation") (ECF No. 20).

On April 28, 2020, the Committee issued a Second Amended and Final Report and Recommendation, acknowledging receipt and consideration of Randazza's Response to Amended

Report and Recommendation but only modifying its recommendations to the extent of eliminating the additional year of probation.  (ECF No. 10).  Randazza filed a Response to Second Amended and Final Report and Recommendation in which he "consents to the discipline and requirements recommended by the Committee and respectfully requests that this Court enter an order adopting the recommendations."  (ECF No. 11).

This Court is in agreement with the Committee's finding that "[u]nder the applicable rules of this Court, all of these suspensions should have been reported as they occurred" and that "Mr. Randazza should have been aware of his obligation to report these orders when they were issued." (ECF No. 10).  Randazza raised the argument that Rule 8(a) only applies to reporting the original discipline and that if he had to report all reciprocal discipline in other jurisdictions, "it would mean that . . . [he] could be potentially reporting dozens of orders to this Court."  (ECF No. 20).  These arguments lack merit.  Rule 8(a)[1], which is the first procedure where discipline is imposed by other courts, unequivocally directs members of this Bar to report, without modifier, "discipline," a catch-all to the more specific forms of reprimand, suspension, or disbarment.  To infer a limitation on "discipline" to only original and not reciprocal discipline would imply an inherent exception that is not there.  Reciprocal discipline is still discipline.  Furthermore, the argument about having to "potentially" report "dozens of orders to this Court" is exactly the purpose Rule 8(a) is intended to serve.  While it may be "potentially" burdensome, it is an obligation as a member of this Court's Bar to inform this Court of discipline imposed by other courts so this Court is adequately informed of the activities of its members.

Given this background, in accordance with Rule 8(d) and the Court's inherent power to regulate membership in its bar for the protection of the public interest, *see Chambers v. NASCO,*

---

1 Rule 8(a) in its entirety states:   "An attorney admitted to practice before this Court shall, upon being subjected to reprimand, discipline, suspension, or disbarment by a court of any state, territory, commonwealth, or possession of the United States, or by any other court of the United States or the District of Columbia, shall promptly inform the Clerk of the Court of such action."

*Inc*., 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it."), having reviewed the file, considered the Committee's Second Amended and Final Report and Recommendation, it is hereby

ORDERED AND ADJUDGED that the Committee's Second Amended and Final Report and Recommendation is ADOPTED and the matter is CLOSED.

IT IS FURTHER ORDERED as follows:

1. This Court ADOPTS the disciplinary measures imposed in the Nevada Order with the same probationary requirements set to expire on April 10, 2020;

2. Randazza is to *immediately* file notice with this Court under the above case number of any changes to his status in Massachusetts, California, Nevada, or any U.S. District or Circuit Courts or the U.S. Patent Office;

3. Randazza is to *immediately* file notice with this Court under the above case number of any discipline recommended in Florida, Arizona, or any other jurisdiction filed by the complainant there;

4. Randazza is to *immediately* file notice with this Court under the above case number of any other matters as required by Rules 8 through 10 of the Attorney Rules; and

5. Randazza is to provide this Court a status report under the above case number of any pending disciplinary charges, reviews or proceedings occurring anywhere on the 90th, 180th and 270th day from the entry of this Order, with a final status report due on April 10, 2021.

DONE and ORDERED in Chambers at Miami, Miami-Dade County, Florida, this 8th day of May, 2020.

K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

Copies furnished as follows:   See attached

c:     All South Florida Eleventh Circuit Court of Appeals Judges
       All Southern District Judges
       All Southern District Bankruptcy Judges
       All Southern District Magistrate Judges
       United States Attorney
       Circuit Executive
       Federal Public Defender
       Clerks of Court – District, Bankruptcy and 11th Circuit
       Florida Bar and National Lawyer Regulatory Data Bank
       Library
       Clinton Payne, Chair, Ad Hoc Committee on Attorney Admissions, Peer Review and
             Attorney Grievance
       Marc John Randazza

# **Exhibit 14**

U.S. Patent & Trademark Office Final Order
(July 23, 2019)



## UNITED STATES PATENT AND TRADEMARK OFFICE

### OFFICE OF THE GENERAL COUNSEL

July 23, 2019

Mr. Marc J. Randazza                              CERTIFIED MAIL _7017 2620 0000 0105 7585_
Randazza Legal Group, PLLC                        RETURN RECEIPT REQUESTED
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

PERSONAL AND CONFIDENTIAL
Re: File No. D2019-25

FINAL ORDER PURSUANT TO 37 C.F.R. § 11.24

Dear Mr. Randazza:

Enclosed please find a service copy of a Final Order signed on behalf of the Under Secretary of
Commerce for Intellectual Property and Director of the United States Patent and Trademark
Office.

The Final Order will be published on the USPTO FOIA web page
(https://foiadocuments.uspto.gov/oed/) and the Notice of Stayed Suspension will be published in
the Official Gazette.

If you require any additional information or records, you may contact the Office of Enrollment
and Discipline at 571-272-4097, or by writing to Mail Stop OED, U.S. Patent and Trademark
Office, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Sincerely,

Tricia Choe
Associate Counsel
Office of General Law

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**BEFORE THE DIRECTOR OF THE**
**UNITED STATES PATENT AND TRADEMARK OFFICE**

| | |
|---|---|
| In the Matter of: | ) |
| | ) |
| Marc J. Randazza, | )   Proceeding No. D2019-25 |
| | ) |
| Respondent | ) |
| | ) |

**FINAL ORDER PURSUANT TO 37 C.F.R. § 11.24**

Pursuant to 37 C.F.R. § 11.24(b), Marc J. Randazza ("Respondent") is hereby suspended from the practice of trademark and other non-patent law before the United States Patent and Trademark Office ("USPTO" or "Office") for one year, stayed for eighteen months subject to conditions, for violation of 37 C.F.R. § 11.804(h).

**Background**

By Order dated October 10, 2018, the Supreme Court of the State of Nevada in its order in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453, suspended Respondent for one year, stayed for eighteen months subject to conditions, from the practice of law in that jurisdiction.

On June 11, 2019, a "Notice and Order Pursuant to 37 C.F.R. § 11.24" ("Notice and Order"), was sent by certified mail (receipt no. 70172620000001058230) notifying Respondent that the Director of the Office of Enrollment and Discipline ("OED Director") had filed a "Complaint for Reciprocal Discipline Pursuant to 37 C.F.R. § 11.24" ("Complaint") requesting that the Director of the USPTO impose reciprocal discipline upon Respondent identical to the discipline imposed by the Supreme Court of the State of Nevada on October 10, 2018 in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453.  The Notice and Order was delivered to Respondent on June 14, 2019.

The Notice and Order provided Respondent an opportunity to file, within forty (40) days,

a response opposing the imposition of reciprocal discipline identical to that imposed by the State of Nevada, based on one or more of the reasons provided in 37 C.F.R. § 11.24(d)(1). Respondent filed a timely letter dated July 15, 2019 responding to the Notice and Order.

Analysis

In his response, Respondent indicates that he is "amenable to the imposition of discipline identical to that imposed by the Supreme Court of the State of Nevada in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453." (Ex. 1). He further states that he "[does] not believe there is any genuine issue of material fact that the imposition of identical discipline would be unwarranted." *Id.*

Given that Respondent believes that it is appropriate for the USPTO to impose reciprocal discipline on the same terms and conditions as those set forth in the October 10, 2018 Order of the Supreme Court of the State of Nevada in *In the Matter of Discipline of Marc J. Randazza, Esq., Bar No. 12265*, Case No. 76453, it is hereby determined that there is no genuine issue of material fact under 37 C.F.R. § 11.24(d), and that it is the appropriate discipline to suspend Respondent from the practice of trademark and other non-patent law before the USPTO for one year, stayed for eighteen months, subject to Respondent's successful compliance with conditions during the eighteen-month stay, as set by the Supreme Court of the State of Nevada.

ACCORDINGLY, it is hereby ORDERED that:

1.     Respondent be, and hereby is, suspended from the practice of trademark and other non-patent law before the USPTO for one year, stayed for eighteen months, subject to Respondent's successful compliance with conditions during the eighteen-month stay, as set by the Supreme Court of the State of Nevada, effective the date of this Final Order;

2.     The OED Director publish a notice in the Official Gazette that is materially consistent with the following:

2

### Notice of Stayed Suspension

This notice concerns Marc J. Randazza of Las Vegas, Nevada, who is authorized to practice before the Office in trademark and non-patent matters. In a reciprocal disciplinary proceeding, the Director of the United States Patent and Trademark Office ("USPTO") has ordered that Mr. Randazza be suspended from practice before the USPTO in trademark and other non-patent matters for one year, stayed for eighteen months subject to conditions, for violating 37 C.F.R. § 11.804(h), predicated upon being suspended (stayed) from the practice of law by a duly constituted authority of a State. Mr. Randazza is not authorized to practice before the Office in patent matters.

Mr. Randazza was suspended for one year, stayed for eighteen months subject to conditions set by the Supreme Court of the State of Nevada, for knowingly violating duties owed to his client (conflict of interest) and the legal profession (restrictions on the right to practice) arising out of a matter in which Mr. Randazza loaned money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

This action is taken pursuant to the provisions of 35 U.S.C. § 32 and 37 C.F.R. § 11.24. Disciplinary decisions are available for public review at the Office of Enrollment and Discipline's FOIA Reading Room, located at: https://foiadocuments.uspto.gov/oed/;

and

3.     The OED Director give notice pursuant to 37 C.F.R. § 11.59 of the public

discipline and the reasons for the discipline to disciplinary enforcement agencies in the state(s)

where Respondent is admitted to practice, to courts where Respondent is known to be admitted,

and to the public.

23 July 2019
_____
Date

_____
David Shewchuk
Deputy General Counsel for General Law
United States Patent and Trademark Office

on delegated authority by

Andrei Iancu
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

cc:

OED Director

Mr. Marc J. Randazza
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Final Order Pursuant to 37 C.F.R. § 11.24 was mailed by first-class certified mail, return receipt requested, on this day to the Respondent at the address listed by the Nevada State Bar for Respondent and to where the OED Director reasonably believes Respondent receives mail::

Mr. Marc J. Randazza
Randazza Legal Group, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

7/23/2019
_____
Date

_____
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

5

## Notice of Stayed Suspension

This notice concerns Marc J. Randazza of Las Vegas, Nevada, who is authorized to practice before the Office in trademark and non-patent matters.  In a reciprocal disciplinary proceeding, the Director of the United States Patent and Trademark Office ("USPTO") has ordered that Mr. Randazza be suspended from practice before the USPTO in trademark and other non-patent matters for one year, stayed for eighteen months subject to conditions, for violating 37 C.F.R. § 11.804(h), predicated upon being suspended (stayed) from the practice of law by a duly constituted authority of a State.  Mr. Randazza is not authorized to practice before the Office in patent matters.

Mr. Randazza was suspended for one year, stayed for eighteen months subject to conditions set by the Supreme Court of the State of Nevada, for knowingly violating duties owed to his client (conflict of interest) and the legal profession (restrictions on the right to practice) arising out of a matter in which Mr. Randazza loaned money to his client without informing the client in writing of the desirability of obtaining independent counsel, and by negotiating with opposing counsel to receive, as part of a settlement, a retainer for future legal services.

This action is taken pursuant to the provisions of 35 U.S.C. § 32 and 37 C.F.R. § 11.24.  Disciplinary decisions are available for public review at the Office of Enrollment and Discipline's FOIA Reading Room, located at: https://foiadocuments.uspto.gov/oed/.

23 July 2019
_____
Date

_____
David Shewchuk
Deputy General Counsel for General Law
United States Patent and Trademark Office

on delegated authority by

Andrei Iancu
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office

# **Exhibit 15**

Order Discharging Suspension, U.S. District Court for the District of Massachusetts
(June 23, 2020)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| IN RE:   **MARC J. RANDAZZA** | ) | MISC. BUSINESS DOCKET |
| | ) | No.: 18-mc-91490-FDS |
| | ) | |
| | ) | |
| | ) | |

## ORDER

1. WHEREAS, on September 3, 2019, the U.S. Patent and Trademark Office caused o be filed with this Court a Final Order suspending Mr. Randazza for one (1) year, stayed for eighteen (18) months subject to conditions with respect to **MARC J. RANDAZZA**;

2. WHEREAS, on September 26, 2019, pursuant to Local Rule 83.6.9(b), a reciprocal Order of Term Suspension/Stayed was issued by Chief Judge Saylor IV;

3. WHEREAS, on April 30, 2020, Attorney Sara Holden representing **MARC J. RANDAZZA** filed an Order notifying the Court that Mr. Randazza has successfully completed the conditions of his stayed suspension as set forth in the Nevada Supreme Court's Order retroactive to October 10, 2018;

WHEREFORE, it is hereby ORDERED that **MARC J. RANDAZZA** shall no longer be subject to the twelve (12) month term suspension for the misconduct that gave rise to the petition for discipline.


/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: June 23, 2020                         Chief Judge, United States District Court

# __Exhibit 16__

Order of Suspension, U.S. District Court for the District of Nevada
(Oct. 22, 2019)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| In re: Marc J. Randazza, Attorney at Law, Bar No. 12265 | Case No. 2:19-cv-01765-MMD |
| | ORDER OF SUSPENSION |

## I.    SUMMARY

This is an attorney discipline matter. Before the Court is Marc J. Randazza's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on October 10, 2018. (ECF Nos. 1 (OSC), 3 (the "Response").) As further explained below, the Court will suspend Mr. Randazza from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Mr. Randazza's compliance with the probationary conditions the NSC imposed on him. However, Mr. Randazza may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

## II.    BACKGROUND

Mr. Randazza was suspended by the NSC following his conditional guilty plea to a charge that he violated "RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice)." (ECF No. 3 at 15.) While Mr. Randazza's suspension was stayed, he is currently subject to several probationary conditions imposed by the NSC. (*Id.* at 17.) Until at least April 10, 2020, Mr. Randazza must: (1) "stay out of trouble;" (2) successfully complete 20 hours of ethics CLE in addition to his normal CLE requirements; and (3) seek the advice of an independent and unaffiliated

ethics attorney in each relevant jurisdiction before obtaining any conflicts of interest waivers. (*Id.* at 3, 15, 17.)

This Court issued the OSC as to why Mr. Randazza should not be suspended from practice in this Court on September 6, 2019. (ECF No. 1.) Mr. Randazza timely filed his Response on October 3, 2019. (ECF No. 3.) In his Response, he argues that this Court should allow him to continue practicing before it because he is still allowed to practice law before the Nevada state courts, and he is currently complying with the probationary conditions the NSC imposed on him. (*Id.* at 3-5.) He also argues that his suspension from practice by this Court would either be gravely unjust, or his misconduct does not justify suspension by this Court. (*Id.* at 3.) He further notes that other federal court have continued to allow him to practice while he is subject to the NSC's probationary conditions. (*Id.* at 5-6.)

## III.    DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Mr. Randazza from practice before this Court because the NSC's disciplinary adjudication regarding Mr. Randazza following his conditional guilty plea appears to have been proper, and he presents no clear and convincing evidence to the contrary. Procedurally, Mr. Randazza did not submit a certified copy of the entire

2

1    record from the NSC or present any argument as to why less than the entire record will

2    suffice. *See* LR IA 11-7(e)(3). Substantively, while Mr. Randazza does appear to be

3    allowed to practice in the Nevada state courts, he is also subject to probationary

4    conditions that this Court has neither the obligation, resources, nor inclination to monitor.

5    (ECF No. 3 at 17.) And the Court sees no substantial reasons not to suspend Mr.

6    Randazza based on its review of the record. *See* LR IA 11-7(e)(3). The Court will therefore

7    suspend Mr. Randazza.

8       That said, Mr. Randazza is free to petition the Court for reinstatement under LR IA

9    11-7(i) assuming he is able to successfully complete his term of probation with the NSC.

10    Any petition for reinstatement should not be filed until Mr. Randazza has successfully

11    discharged each and every probationary condition imposed on him by the NSC, and he

12    is able to present both a certificate of good standing from the NSC and evidence sufficient

13    to establish that his practice in the Nevada state courts is fully unencumbered by any

14    probationary or other conditions stemming from his conditional guilty plea or any other

15    discipline imposed on him by the NSC.

16    **IV.**    **CONCLUSION**

17       It is therefore ordered that Marc J. Randazza, Bar No. 12265, is hereby suspended

18    from practice in the United States District Court for the District of Nevada.

19       DATED THIS 22nd day of October 2019.

20

21    _____

22    MIRANDA M. DU
      CHIEF UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

3

# **Exhibit 17**

Order of Reinstatement, U.S. District Court for the District of Nevada
(June 9, 2020)

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

|  |  |
|---|---|
| In re: Marc J. Randazza, Attorney at Law, Bar No. 12265 | Case No. 2:19-cv-01765-MMD |
| | ORDER |

**I.     SUMMARY**

This is an attorney discipline matter. Before the Court is Marc Randazza's petition for reinstatement (the "Petition").[1] (ECF No. 14.) As further explained below, the Court will grant Mr. Randazza's Petition.

**II.     BACKGROUND**

Mr. Randazza was suspended by the Nevada Supreme Court ("NSC") following his conditional guilty plea to a charge that he violated "RPC 1.8(a) (conflict of interest: current clients: specific rules) and RPC 5.6 (restrictions on right to practice)." (ECF No. 3 at 15.)

Upon receiving notice of his suspension by the NSC, the Court issued an order to show cause why Mr. Randazza should not also be suspended by this Court. (ECF No. 1 ("OSC").) Mr. Randazza filed a response to the OSC, arguing he should not be suspended by this Court. (ECF No. 3.) The Court nonetheless suspended him because he remained subject to probationary conditions imposed by the NSC. (ECF No. 5 (the "Suspension Order").) Mr. Randazza then filed an emergency motion to alter or amend the Suspension Order (ECF No. 8), which the Court denied (ECF No. 12).[2]

---

[1]Mr. Randazza also filed an emergency motion for a hearing on his Petition. (ECF No. 17.) Because the Court will grant the Petition, the Court will deny the emergency motion for a hearing as moot.

1    The Petition followed.[3] (ECF No. 14.) In his Petition, Mr. Randazza asks to be

2    reinstated primarily because he has successfully discharged the NSC's probationary

3    conditions. (*Id*. at 2.) In most pertinent part, he attached a letter from the State Bar of

4    Nevada confirming that he has successfully discharged the probationary conditions the

5    NSC imposed on him. (*Id*. at 16.) Mr. Randazza also submitted a declaration explaining

6    he has clients with cases in this district who would like him to represent them (*id*. at 11-

7    14), and some declarations from some of his clients explaining they would like Mr.

8    Randazza to represent them (*id*. at 19-26). Mr. Randazza previously submitted a current

9    certificate of good standing from the State Bar of Nevada. (ECF No. 10-3.)

10   **III.   DISCUSSION**

11   Local Rule IA 11-7(i) states that an attorney who is the subject of an order of

12   suspension "may petition for reinstatement to practice before this court or for modification

13   of the order as may be supported by good cause and the interests of justice." LR IA 11-

14   7(i). The Rule further provides: "if the attorney was readmitted by the supervising court or

15   the discipline imposed by the supervising court was modified or satisfied, the petition must

16   explain the situation with specificity, including a description of any restrictions or

17   conditions imposed on readmission by the supervising court." *Id*. However, the decision

18   as to whether and under what circumstances the attorney will be reinstated to practice

19   before this Court is left to the discretion of the Chief Judge, or other reviewing Judge if

20   the Chief Judge refers the matter to another judge. *See id*.; *see also* LR IA 11-7(a).

21   The Court will grant the Petition because Mr. Randazza has sufficiently

22   demonstrated he successfully discharged the NSC's probationary conditions and is an

23   attorney in good standing with the State Bar of Nevada. (ECF Nos. 10-3, 14 at 16.)

24

25   [2]The Court issued this order on November 27, 2019, and received a certified mail
26   receipt indicating it was mailed to Mr. Randazza's counsel that same day. (ECF No. 13.)
     However, both Mr. Randazza and his counsel claim they never received that order. (ECF
27   Nos. 15 (minute order explaining in response to a letter from Mr. Randazza's counsel
     inquiring about a ruling on the emergency motion to alter or amend judgment that the
28   Court had already issued an order denying it on November 27, 2019), 17 at 4, 17-1 at 3.)

[3]Mr. Randazza followed up with a letter as well. (ECF No. 16.)

2

1    Moreover, Mr. Randazza's Petition demonstrates understanding of the Court's prior

2    Suspension Order granting him leave to petition this Court for reinstatement once he

3    could show that he is able to practice in Nevada state courts unencumbered by any

4    probationary conditions. (ECF No. 5 at 3.) The Court thus finds that Mr. Randazza has

5    shown cause to be readmitted to the bar of this Court.

6    **IV.     CONCLUSION**

7         It is therefore ordered that Mr. Randazza's renewed petition for reinstatement (ECF

8    No. 14) is granted.

9         It is further ordered that Mr. Randazza's emergency motion for a hearing (ECF No.

10   17) is denied as moot.

11        DATED THIS 9th day of June 2020.

12

13   _____

14   MIRANDA M. DU
     CHIEF UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              3

# __Exhibit 18__

Order of Termination of Proceedings, U.S. Court of Appeals for the Federal Circuit
(May 28, 2020)

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 28 2020

PETER R. MARKSTEINER
CLERK

NOTE: This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**IN RE MARC J. RANDAZZA,**
*Respondent.*

---

2018-MA014

---

## ORDER

In light of the court's January 3, 2020 order and Marc J. Randazza's submission received May 26, 2020,

IT IS ORDERED THAT:

These proceedings are terminated.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court